UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES A BESSON, II,

        Plaintiff,

    v.                                   Case No. 06-cv-4008-JPG

CITY OF CREAL SPRINGS,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant City of Creal Springs' ("Creal Springs") motion to dismiss, which the Court converted to a motion for summary judgment (Doc. 6).  Plaintiff James A. Besson, II ("Besson") responded to the motion (Doc. 10).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

Besson brought this case under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination on the basis of disability in "any program or activity that received Federal financial assistance."  The assistance may be directly from the federal government or indirectly, as when money is funneled through state programs.  *See Bentley v. Cleveland Co. Bd. of Co. Com'rs*, 41 F.3d 600, 603-04 (10th Cir. 1994).

Creal Springs' motion for summary judgment is based on the assertion that Creal Springs receives no federal financial assistance for any program or activity that involved Besson and therefore cannot be liable under the Rehabilitation Act. *See* 29 U.S.C. § 794(a). It has attached an affidavit from its treasurer in support of its motion in which she states that Creal Springs has received no federal funds for any purposes whatsoever. In response, Besson has produced evidence clarifying that the treasurer's statement meant that Creal Springs did not receive any money *directly* from the federal government. It has also submitted evidence that Creal Springs received Community Development Assistance Program grants in recent years from the state of Illinois but which are funded, at least in part, by the federal government.

Construing all evidence in Besson's favor, the Court must assume that Creal Springs did indirectly receive federal funds of some sort. Under *Bentley*, this type of indirect receipt of funds is sufficient to qualify as "federal financial assistance" under the Rehabilitation Act. Because Creal Springs has not established the lack of a nexus between Besson and the federal financial assistance Creal Springs received, *see id.* at 603; *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991), it is not entitled to judgment as a matter of law, and the Court **DENIES** its motion for summary judgment (Doc. 6).

**IT IS SO ORDERED.**
**DATED:  August 15, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2